UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN ALBERTO VARGAS-OLEA, | No. 1:26-cv-01254-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| VARDEN GOLDEN STATE ANNEX, et al., | |
| Respondents. | |

On February 1, 2026, Petitioner filed a Petition for Writ of Habeas Corpus that claimed an Immigration Judge ("IJ") had ordered Petitioner's release on $2,500 bond, but that Petitioner had not been released from Department of Homeland Security ("DHS") custody despite Petitioner's family attempting to post bond. (ECF No. 1.) Given Petitioner's apparent entitlement to relief under the facts pled, the Court ordered Respondents to submit a return pursuant to 28 U.S.C. § 2243. (ECF No. 6.) Respondents confirmed that the IJ had granted Petitioner's release on bond as the Petition stated. (ECF No. 7 at 1–2.) But Respondents also explained that DHS had filed a Form EOIR-43 stating their intent to appeal the IJ's decision and that the filing of this form automatically stayed the IJ's order of release on bond. (*Id.*) The Court ordered the Government to provide a surreply addressing Petitioner's argument that

1  the automatic stay of the IJ's decision did not comport with due process.  (ECF No. 9;
2  *see* ECF No. 8.)
3        Respondents have now filed their response.  (ECF No. 10.)  Instead of
4  addressing the due process issues of the automatic stay, Respondents have instead
5  withdrawn the Form EOIR-43, thus lifting the automatic stay. (*Id.* at 1.)  However,
6  Respondents are now seeking what they refer to as a discretionary stay of the IJ's
7  grant of bond from the Board of Immigration Appeals ("BIA"). (*Id.* at 1–2.)  DHS's
8  withdrawal of the Form EOIR-43 appears to render moot the arguments Petitioner
9  raised in their reply, as there is no longer an automatic stay preventing Petitioner's
10 release on the bond ordered by the IJ.  As such, there is no longer a basis for the
11 Court to grant relief at this time.
12       Even so, the content of the Motion DHS' Motion to Stay filed before the BIA
13 gives the Court significant pause.  Notably, DHS does not seek a BIA review of the IJ's
14 bond determination based on Petitioner's purported risk of flight or dangerousness.
15 Instead, DHS solely argues that the IJ lacked jurisdiction as Petitioner was subject to
16 mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See* ECF No. 10-2.)  This Court
17 and numerous others in this Circuit have firmly and repeatedly rejected the arguments
18 raised in DHS' Motion.  Despite this, DHS continues to pursue Petitioner's detention
19 on this unlawful basis while also seeking a stay of the IJ's order in a manner that seems
20 designed to evade the Court's review.
21       Nevertheless, at this point Petitioner has been granted bond and, as far as the
22 Court can tell from the record before it, that order remains valid and no stay is
23 presently in effect.  Should that situation change, Petitioner may immediately seek
24 preliminary injunctive relief.  But it does not appear that there are grounds for the
25 Court to grant immediate relief at this time.
26       Given the evolving facts, the Court declines to rule on the petition at this time.
27 Respondents are ORDERED to file a copy of the BIA's ruling on Respondents' stay
28

request within 48 hours of issuance.  Until further order by the Court, the undersigned will retain this matter notwithstanding Local Rule 302(c)(17).

      IT IS SO ORDERED.

Dated: __**February 19, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE