UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN ALBERTO VARGAS-OLEA, | No.  1:26-cv-1254 DJC CSK |
| Petitioner, | |
| v. | ORDER |
| WARDEN GOLDEN TATE ANNEX, et al., | |
| Respondents. | |

Petitioner is an immigration detainee, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, respondents are ordered to file a status report addressing petitioner's status and petitioner is ordered to file a response to respondents' status report.

On February 12, 2026, petitioner filed a petition for writ of habeas corpus claiming an immigration judge had ordered petitioner's release on $2,500 bond, but that petitioner had not been released from Department of Homeland Security ("DHS") custody despite petitioner's family attempting to post bond.  (ECF No. 1.)  On February 12, 2026, the district court ordered respondents to file a return to the petition on or before February 13, 2026.  (ECF No. 6.)  In the return, filed February 13, 2026, respondents confirmed that the immigration judge had granted petitioner's release on bond as the petition stated.  (ECF No. 7.)  Respondents also explained that

1

DHS had filed a Form EOIR-43 stating their intent to appeal the immigration judge's decision and that the filing of this form automatically stayed the immigration judge's order of release on bond.  (Id.)  On February 13, 2026, petitioner filed a reply to respondents' return.  (ECF No. 8.)  On February 13, 2026, the district court ordered respondents to file a surreply on or before February 18, 2026 addressing petitioner's argument, raised in the reply to the return, that the automatic stay of the immigration judge's decision did not comport with due process.  (ECF No. 9.)

In the surreply, filed February 18, 2026, instead of addressing the due process issues of the automatic stay, respondents stated that the Form EOIR-43 was withdrawn, thus lifting the automatic stay.  (ECF No. 10.)  However, respondents stated that they were now seeking what they referred to as a discretionary stay of the immigration judge's grant of bond from the Board of Immigration Appeals ("BIA").  (Id.)  By order filed February 19, 2026, the district court found that DHS's withdrawal of the Form EOIR-43 appeared to render moot the arguments petitioner raised in the reply, as there was no longer an automatic stay preventing petitioner's release on the bond ordered by the immigration judge.  (ECF No. 11.)  The district court found that, as such, there was no longer a basis for the Court to grant relief at this time.  (Id.)  Given the evolving facts, the district court declined to rule on the petition.  (Id.)  The district court ordered respondents to file a copy of the BIA's ruling on respondents' stay request within 48 hours of issuance.  (Id.)

On February 20, 2026, respondents informed the court that on February 19, 2026, the BIA denied DHS's motion for a discretionary stay of the immigration judge's bond order.  (ECF Nos. 12, 12-1.)  On February 20, 2026, the district court referred this matter to the undersigned.  (ECF No. 13.)

Accordingly, IT IS HEREBY ORDERED that on or before 5:00 p.m. on February 24, 2026, respondents shall file a status report addressing petitioner's status.  If petitioner is still

///

///

///

2

detained, respondents shall address the grounds for petitioner's detention.  Petitioner shall file a response to respondents' status report on or before 5:00 p.m. on February 25, 2026.

Dated:  February 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Olea1254.ord/2

3